MARGATE CIVIC ASSOCIATION, PLAINTIFF-APPELLANT, v. BOARD OF COMMISSIONERS OF THE CITY OF MARGATE, GEORGE NAAME AND MANAAM, INC., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 7, 1974—Decided January 16, 1975.

Before Judges MICHELS, MORGAN and KENTZ.

*Mr. Stephen Hankin* argued the cause for appellant.

*Mr. David R. Fitzsimons, Jr.,* argued the cause for respondent Board of Commissioners of the City of Margate.

*Mr. Robert H. Davisson* argued the cause for respondents George Naame and Manaam, Inc. (*Mr. Elias G. Naame,* attorney).

*Mr. William F. Hyland,* Attorney General of New Jersey, submitted a statement in lieu of brief on behalf of respon-

dent Division of Alcoholic Beverage Control (*Mr. David S. Piltzer,* Deputy Attorney General, of counsel).

The opinion of the Court was delivered by

MICHELS, J. A. D. This is an appeal from a determination and order of the Director of the Division of Alcoholic Beverage Control of the State of New Jersey (Director) in which he dismissed an appeal by Margate Civic Association (Association) from the action of the Board of Commissioners of the City of Margate (Board) approving the application by George Naame and Manaam, Inc. (Manaam) for a place-to-place transfer of a plenary retail consumption license to include as part of its licensed premises the building immediately adjacent thereto.

Manaam is the holder of a plenary retail consumption license (C–16) for premises known as Maloney's Tavern located at 23 South Washington Avenue, Margate, New Jersey. Manaam operates the tavern on the ground floor of the licensed premises serving alcoholic beverages and at times a limited sandwich menu. These premises are owned by Manaam. In fall 1972 Manaam purchased the adjacent premises known as and located at 27 South Washington Avenue. These premises consist of a building substantially similar to the 23 South Washington Avenue building, and its ground floor has been used as a restaurant for many years. The two buildings are separated by a common alleyway three to four feet wide, the street end of which is closed off by a fence to prevent public passage. Both premises are zoned for commercial use.

In May 1973 Manaam applied to the Board for a place-to-place transfer of its plenary retail consumption license to include, in addition to the premises at 23 South Washington Avenue where it operated Maloney's Tavern, the adjacent premises at 27 South Washington Avenue where it intended to operate as "Maloney's Beef and Brew."[1] The

---

[1] The day after Manaam applied to the Board for approval of a place-to-place transfer of its license, the Association filed suit in the

Board conducted a hearing and approved the application. Manaam thereupon repaired and remodeled the 27 South Washington Avenue building to accommodate a bar and tables and began operations as Maloney's Beef and Brew serving a limited food menu. While Maloney's Tavern and Maloney's Beef and Brew each had a separate entrance, Manaam operated them as a single business entity.

The Association appealed from the approval of the application by the Board to the Director who designated a hearing officer for the appeal. At the conclusion of the hearing the hearing officer submitted his report in which he recommended that the action of the Board be reversed. The hearing officer found that the two buildings were not structurally joined and that Manaam operated them as "two distinct enterprises independent of each other save ownership." He concluded that under the circumstances a place-to-place transfer of the existing license would result in splitting the license and violating the provisions of *N. J. S. A.* 33:1–26 and Margate Ordinance No. 730. Director Bower disagreed and in a well-reasoned opinion affirmed the Board's approval of the place-to-place transfer and dismissed the Association's appeal, stating:

I find, under the facts herein, that although the buildings do not physically adjoin one another, the operations of these establishments are operated as a single unit, and hence can be considered as one single place of business within the meaning of the statute. *Re Beisch,* Bulletin 81, Item 10; *Re Gallagher's, supra.* [*A. B. C. Bull. No.* 1945, *Item* 1.]

Thus, I find that the said transfer was not violative of *N. J. S..A.* 33:1–26 or of the subject local ordinance.

In sum, I conclude that the respondent Board acted in the circumspect and reasonable exercise of its discretionary authority on granting the said transfer. Therefore, the recommendation of the Hearer to reverse the action of the Board is disapproved. * * *

Superior Court, Law Division, Atlantic County, seeking to enjoin Manaam from structurally joining the 23 and 27 South Washington Avenue buildings, and to declare illegal and void the building permit issued by the Margate building inspector for such construction work. We are advised that this suit is still pending.

The Association contends on this appeal that *N. J. S. A.* 33 :1–26 and Margate Ordinance No. 730 prohibit the granting of a place-to-place transfer of the plenary retail consumption license to include both premises, and that the Director abused his discretion by approving Manaam's application for such transfer. We disagree.

■ ■ The responsibility for the administration and enforcement of the alcoholic beverage laws relating to the transfer of a liquor license from place-to-place or to cover enlarged premises is primarily committed to municipal authorities. *N. J. S. A.* 33 :1–19, 24; *Lyons Farms Tavern v. Mun. Bd. Alc. Bev., Newark,* 55 *N. J.* 292, 302 (1970). Local boards considering applications for such transfers are invested by our Legislature with wide discretion, and their principal guide in making a determination is the public interest. *Id.,* 303; *Lubliner v. Bd. of Alcoholic Bev. Con., Paterson,* 33 *N. J.* 428, 446 (1960). See *Tp. Committee of Lakewood Tp. v. Brandt,* 38 *N. J. Super.* 462, 466 (App. Div. 1955).

■ ■ Once the local board has made its determination, the municipality's action is broadly subject to appeal to the Director of the Division of Alcoholic Beverage Control who conducts a *de novo* hearing of the appeal, making the necessary factual and legal determinations on the record before him. *Fanwood v. Rocco,* 33 *N. J.* 404, 414 (1960). However, the rule is well established that the Director will not substitute his judgment for that of the local board or reverse the ruling if reasonable support for it can be found in the record. On judicial review the court will generally accept the Director's factual findings as well as his ultimate determination unless unreasonable or illegally grounded. *Lyons Farms Tavern v. Mun. Bd. Alc. Bev., Newark, supra,* 55 *N. J.* 303; *Fanwood v. Rocco, supra,* 33 *N. J.* 414–415.

*N. J. S. A.* 33 :1–26 in pertinent part provides:

* * * Licenses are not transferable except as hereinafter provided. A separate license is required for each specific place of business and

the operation and effect of every license is confined to the licensed premises. * * *

While the Alcoholic Beverage Law does not explicitly define "specific place of business", the obvious purpose of this statutory requirement is "to prevent the splitting of licenses and indirect avoidance of the maximum license limitations." *Essex Co., etc., Stores Ass'n v. Newark, etc., Bev. Cont.,* 64 *N. J. Super.* 314, at 321 (App. Div. 1960). Thus, in the *Essex* case, *supra,* we held that this requirement was satisfied where each of the several liquor departments in Bamberger's Newark store was operated "as a single entity under its complete domination." Here, too, "Maloney's Tavern" and "Maloney's Beef and Brew" are operated by Manaam "as a single entity under its complete domination." They are not operated separately and distinct from each other. In fact, the receipts from each are commingled; one bank account is maintained for the entire business operation, and all employees are hired, fired and paid by a single employer — Manaam. While the two South Washington Avenue buildings are not physically joined or attached and each has a separate entrance off South Washington Avenue, they are immediately adjacent to one another, separated only by a narrow alleyway, the street end of which is fenced off, prohibiting public passage. These buildings and the premises upon which they stand, including the alleyway, are all owned by Manaam. Thus, the physical arrangement of the buildings and manner in which the "Tavern" and the "Beef and Brew" are operated compel the conclusion that they constitute a single "specific place of business" within the intendment of *N. J. S. A.* 33:1–26.

The result reached here is in accord with prior administrative construction of the statute. It is clear that the contemporaneous and practical construction of a statute over a period of years by the agency charged with its enforcement without interference by the legislature is evidence of its conformity with the legislative intent and may be given

substantial weight by the court. *Service Armament Co., et als. v. Hyland,* 131 *N. J. Super.* 38 (App. Div. 1974). See also, *Pringle v. Department of Civil Service,* 45 *N. J.* 329, 332–333 (1965); *Automatic Merchandising Council v. Glaser,* 127 *N. J. Super.* 413, 420 (App. Div. 1974), and *Housing Auth. of Jersey City v. Dept. of Civil Service,* 87 *N. J. Super.* 146, 149 (App. Div. 1965). In *Essex Co., etc., Stores Ass'n v. Newark, etc., Bev. Cont., supra,* the court considered the administrative construction of *N. J. S. A.* 33: 1–26, pointing out 64 *N. J. Super.* at 322:

> Since the particular point appears to be *res nova* in our courts, administrative construction of the relevant statute is entitled to great weight, especially when such construction is substantially contemporaneous with the enactment of the statute and is followed for many years. [Citations omitted.] Since 1935 the Director has interpreted *R. S.* 33:1–26, now *N. J. S. A.* 33:1–26, to require only one license under circumstances similar to those herein. For example, in *A. B. C. Bull. No.* 241, *item* 8 (1938), it was held that a single license could cover two social halls on the opposite sides of a public highway, one used in summer and the other in winter, if "so arranged and operated that they could be said to constitute a single place of business * * *."

The construction placed upon the statute by the Director in *A. B. C. Bull. No.* 241, *Item* 8 (1938), referred to in the *Essex* case, *supra,* has been followed in principle by the Director in more recent decisions. See *Springdale Park, Inc. v. Tp. Comm. of Andover,* 97 *N. J. Super.* 270 (App. Div. 1967), and *Gallagher's Avalon Liquor Store, et als. v. Bd. of Commissioners of the Borough of Avalon, A. B. C. Bull. No.* 1945, *Item* 1 (1970). Accordingly, we concur in the findings of the Director that Manaam operated the "Tavern" and "Beef and Brew" as a single place of business within the meaning of the statute.

█ We also hold that the granting of the place-to-place transfer of the plenary retail consumption license to include as part of the licensed premises the building immediately ad-

jacent thereto was not prohibited by Margate Ordinance No. 730 which in pertinent part provides:

That neither a Plenary Retail Consumption License nor a Plenary Retail Distribution License shall be transferred to any premises located within a circle having a radius of . . . (500) feet, measured from the center point at the main entrance of any existing licensed premises.

*N. J. S. A.* 33 :1–40 expressly confers upon municipalities in the State of New Jersey the power to limit by ordinance the number of retail licenses to sell alcoholic beverages. Pursuant to such statutory authority the governing body of Margate adopted Ordinance No. 730, requiring a minimum distance of 500 feet between licensed premises. In this connection it has been held that such ordinances do in fact "result in a limitation in the number of licenses, for the greater the intervening distance that must separate licensed premises, the fewer the number that may exist within the municipal boundaries." *Dal Roth v. Div. of Alcoholic Beverage Control,* 28 *N. J. Super.* 246, 252 (App. Div. 1953). We are satisfied that the Director's determination that the Margate Ordinance No. 730 was inapplicable to the enlargement of an existing licensed premises by a place-to-place transfer was correct. The granting of the place-to-place transfer to include as part of the licensed premises the building adjacent thereto did not increase the number of licenses in the municipality.

Finally, we conclude from our review of the entire record that the Director's findings are amply supported, and his determination and order dismissing the appeal by the Association from the action of the Board approving the application for the place-to-place transfer was not unreasonable or illegally grounded. Consequently, we will not interfere therewith.

The determination and order of the Director of the Division of Alcoholic Beverage Control is affirmed.